IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

RANDALL L. CHUMLEY

CRIMINAL ACTION NO.
1:25-cr-00079-TRJ-JEM-6

## ORDER

On February 19, 2026, the Magistrate Judge recommended that Defendant Randall L. Chumley's motions for a bill of particulars (Doc. 78) and for disclosure of confidential informants (Doc. 80) be denied. (Doc. 126). Defendant filed timely objections on March 27, 2026. (Doc. 133). After a *de novo* review of the specific objections raised, Defendant's objections are **OVERRULED**.

### BACKGROUND

Defendant was charged with one count of wire fraud in connection with a scheme to obtain unemployment benefits from the Georgia Department of Labor. (Doc. 1). Defendant filed a motion for a bill of particulars which sought (1) the date and substance of all statements and actions he took that support the allegation he intended to defraud the Department of Labor; (2) the names of any alleged conspirators with whom he collaborated; and (3) any documents that support the allegations against him. (Doc. 78). Defendant filed a separate motion for disclosure of any confidential informants and any deals involving any cooperating source or potential witness. (Doc. 80).

As to the bill of particulars, the Magistrate Judge determined that Defendant's

"assertions that he has sufficient discovery now to properly prepare his defense" mooted the motion. (Doc. 126 at 6). The Magistrate Judge nonetheless ordered the government to produce any additional unproduced discovery immediately and reminded the government of its obligations to disclose *Brady* and *Giglio* materials. (*Id.*) As to the disclosure of confidential informants, the Magistrate Judge reminded the government of its disclosure obligations as to any confidential informants it intends to call at trial, and the Magistrate Judge found that Defendant had not met his burden under *Roviaro* to compel the disclosure of informants the government did not intend to call. (*Id.* at 7–10). The Magistrate Judge also recommended the denial of Defendant's request for disclosure within 45 days of trial of "all exculpatory evidence regarding every witness the government might call." (*Id.* at 10–12). The Magistrate Judge reasoned that early disclosure was not warranted, and Defendant was not entitled to a witness list from the government. (*Id.*)

## DISCUSSION

In reviewing a Magistrate Judge's report and recommendation ("R&R"), the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (citation modified). If there are no specific objections made to factual findings made by the

magistrate judge, there is no requirement that those findings be reviewed *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CIV. P. 72(b)(3). Defendant raises two specific objections to the R&R.

Defendant argues that the Magistrate Judge's finding that Defendant's motion for a bill of particulars was moot was error because there is still a concern that the government has not produced all of the discoverable material that has or may come to the government's attention. (Doc. 133 at 2–3). But Defendant's concern with "after-arising discoverable material" is not consistent with a need for a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge in sufficient detail to enable adequate defense preparation and to minimize surprise at trial." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). Defendant does not object that he is unable to ascertain the charges against him or prepare a defense. Instead, he asks for a preemptive order from the Court in the event the government discovers information not currently known to it and require a bill of particulars in the interim. (Doc. 133 at 3 (seeking a bill of particulars "pending receipt of that discovery.")). A bill of particulars is not a "carte blanche to the defense to investigate the government's case," nor is it a discovery motion. *United States v. Thevis*, 474 F. Supp. 117, 123 (N.D. Ga. 1979). The government is aware of its ongoing obligations

3

to provide discoverable material to the defense, including *Brady* and *Giglio* material.[1]

Defendant has not demonstrated that a bill of particulars is necessary to supplement that obligation. Defendant's objection as to his motion for a bill of particulars is, therefore, **OVERRULED**.

As to his request for disclosure of confidential informants, Defendant argues the Magistrate Judge erred by failing to (1) direct the government to comply with its promise to disclose the identity of an initial source and *Brady/Giglio* material related to that informant at least 30 days before trial, and (2) direct the government to otherwise provide *Brady/Giglio* material 20 to 30 days before trial. (Doc. 133). Defendant argues that these two requests were contained in his reply brief, but the Magistrate Judge did not address either request in the R&R. (*Id.*) While it is true that the Magistrate Judge did not grant these requests, the Court finds no error in the omission. First, as the Magistrate Judge noted in the R&R, the Court's Scheduling Order already requires the government to disclose *Brady, Giglio,* and *Jencks* material, and the Magistrate Judge found that Defendant had not shown good cause for early disclosure of such materials. (Doc. 17; Doc. 126 at 11–12). Defendant has not articulated a compelling reason for imposing a 20 to 30 day deadline for such disclosures in this case, and it was not error for the Magistrate Judge to decline that request. *See Whidden v. Roberts*, No. 5:19-CV-80-MCR/MJF, 2020 WL 6566961, at

---

[1] To the extent Defendant's objection implies that the government has not complied with the Magistrate Judge's order directing it to produce full Rule 16 discovery to Defendant immediately, Defendant should notify the Court of such non-compliance within five days of this Order.

*4 (N.D. Fla. July 28, 2020), *report and recommendation adopted*, No. 5:19CV80-MCR/MJF, 2020 WL 6566322 (N.D. Fla. Nov. 9, 2020) ("Although there is no precise deadline for when the government is required to disclose *Brady* material, courts have held that *Brady* requires disclosure in time for its effective use at trial.") (collecting cases).

Second, as to the government's promise to disclose informant-related information to Defendant, Defendant similarly has not articulated a reason for the Court to compel the government to do what it has already agreed to do. The government represented in writing to the Court that it agreed to make the disclosure, it is bound by that representation, and Defendant has not shown that the government has taken action that is inconsistent with its representation to the Court. As such, Defendant's objections are **OVERRULED**.

## CONCLUSION

After a *de novo* review, Defendant's objections to the R&R (Doc. 133) are **OVERRULED**, and the Court **ADOPTS** the findings and conclusions in the R&R (Doc. 126) as the opinion and order of the Court. Defendant's motions for a bill of particulars (Doc. 78) and for disclosure of confidential informants (Doc. 80) are **DENIED**.

The Magistrate Judge has certified this case ready for trial. Accordingly, counsel for Defendant Randall L. Chumley is **DIRECTED** to notify the Court, on or before **June 12, 2026**, if a plea of guilty will be entered or if this case will proceed to trial. Counsel shall notify the Court by contacting Britney Rodgers, the Courtroom

Deputy, at Britney_Rodgers@gand.uscourts.gov.

The Court finds that the ends of justice served by taking this action outweigh the interests of the public and Defendant to a speedy trial, specifically for the purpose of allowing Defendant necessary time to consult with counsel and consider any plea offers, or alternatively, to file any necessary motions *in limine*, and for the Court to consider any such motions. The additional time is excluded from May 22, 2026 to June 12, 2026, for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A). The Clerk is respectfully **DIRECTED** to submit this matter to the Court if a change of plea hearing or trial has not been scheduled on the docket by **June 12, 2026**.

SO ORDERED, this 22nd day of May, 2026.

_____
TIFFANY R. JOHNSON
United States District Judge